# EXHIBIT 1

OFFICE OF THE INSURANCE
COMMISSIONER
P.O. BOX 40257
OLYMPIA, WA 98504-0257

155

9589 0710 5270 2565 3808 22

FIRST-CLASS

US
ZIP
02
000

MUTUAL OF OMAHA INSURANCE COMPANY
GENERAL COUNSEL
3300 MUTUAL OF OMAHA PLAZA
OMAHA NE 68175

**RECEIVED**
*By Linda Elliott at 1:46 pm, May 04, 2026*

**PATTY KUDERER**
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**

Phone: 360-725-7000
www.insurance.wa.gov

**OFFICE OF**
# INSURANCE COMMISSIONER

Certificate number **30249** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 04/28/2026 |
| Certificate Issued: | 04/29/2026 |
| Issued By: | Amanda Oster |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 9589071052702565380822 |
| Service Requested Upon: | MUTUAL OF OMAHA INSURANCE COMPANY<br>GENERAL COUNSEL<br>3300 MUTUAL OF OMAHA PLAZA<br>OMAHA, NE 68175 US |
| Authorized in Washington: | Yes |
| Attorney Details: | Peter Schneider<br>NORTHWEST DEBT RESOLUTION<br>10900 4th St<br>STE 2300<br>BELLEVUE, WA 98004 US<br>206-800-6000 |
| Case Number: | 0127 |
| Plaintiff: | RON LITTMAN, on behalf of himself and all others similarly situated |
| Defendant: | MUTUAL OF OMAHA INSURANCE COMPANY, AETNA HEALTH AND LIFE INSURANCE COMPANY, and DOES 1-10, |
| Documents: | SUMMONS<br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390, WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT, (cont'd))<br>RCW 80.36.400, & WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86, ET SEQ |

PATTY KUDERER
STATE INSURANCE COMMISSIONER

STATE OF WASHINGTON

Phone: 360-725-7000
www.insurance.wa.gov

OFFICE OF
## INSURANCE COMMISSIONER

Copies Sent To: Peter Schneider
MUTUAL OF OMAHA INSURANCE COMPANY

Commissioner
ACCEPTED SOP
APR 28 2026
TIME: 9am

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, AETNA HEALTH AND LIFE INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | NO.<br><br>SUMMONS |

TO MUTUAL OF OMAHA INSURANCE COMPANY

A lawsuit has been started against you in the above-entitled court by the Plaintiff. The Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 40 days after the service of this summons, excluding the day of service, on the Washington Office of the Insurance Commissioner, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED April 24, 2026

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

Insurance Commissioner
ACCEPTED SOP
APR 28 2026
TIME: 9 am

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, AETNA HEALTH AND LIFE INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390, WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT, RCW 80.36.400, & WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86, ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Ron Littman, on behalf of himself and others similarly situated and complains against Defendants MUTUAL OF OMAHA INSURANCE COMPANY and AETNA HEALTH AND LIFE INSURANCE COMPANY, and for cause of action against the Defendants complains and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool, and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed classes, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II. PARTIES, JURISDICTION & VENUE

11. The Plaintiff is a resident of Pierce County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

12. Defendant Mutual of Omaha Insurance Company ("Mutual of Omaha") is a Nebraska company with its principal address of 3300 Mutual of Omaha Plaza, Omaha, Nebraska 68175.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

13. Mutual of Omaha regularly solicits business from Washington State residents and does substantial business in Washington State.

14. Defendant Aetna Health and Life Insurance Company ("Aetna") is a Pennsylvania company with its principal address of 151 Farmington Ave, Hartford CT 06156.

15. Aetna regularly solicits business from Washington State residents and does substantial business in Washington State.

16. Does 1-10 are currently unknown parties who acted as Mutual of Omaha's and Aetna's agents in telephone soliciting consumers and the Plaintiff.

17. The acts alleged in this complaint occurred in Pierce County, Washington State, during the last four years.

18. Defendants are within the jurisdiction of the Court.

19. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

20. Venue is proper in Pierce County because many of the violations against the Plaintiff and putative class members occurred in this Court.

## III. FACTUAL ALLEGATIONS

**Lead Plaintiff Ron Littman**

21. The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.

22. It is a cell phone that the Plaintiff uses as a residential phone line.

23. The Plaintiff uses his cell phone number for personal use only, as one would use what used to be referred to colloquially as a "landline."



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

24. The Plaintiff registered his Washington State area code cell phone number on the Federal Trade Commission's national do not call registry more than 30 days prior to the phone calls in the table below.

25. At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendants prior to receiving the calls at issue.

**The Calls**

26. For the last four years the Plaintiff has received unwanted solicitation calls from Mutual of Omaha, Aetna, and their agents.

27. The Plaintiff has been getting a steady stream of calls like those described below for as long as he can remember.

28. If the Plaintiff answered the Defendants' calls, he was greeted by an artificial or prerecorded voice ("Robocall") which, after automatically playing its announcement, transferred the call to a live agent who then engaged the Plaintiff in conversation.

29. The Plaintiff could tell which calls were pre-recorded because they were impersonal, had long pauses, did not converse normally, contained reading from a script type intonation and pauses, were identical in nature, and then transitioned to a live agent.

30. The Plaintiff could not tell which calls were from which Telemarketers because the callers identified themselves using fake names like "U.S. Funeral Expenses" or "American Benefits" or "Infinity Health Clinic" or "Healthcare Benefits" or "Senior Solutions" or American United Health" or "Senior Financial Solutions."

31. These monikers are fake – The telemarketing entities are not named "U.S. Funeral Expenses" or "American Benefits" or "Infinity Health Clinic" or "Healthcare Benefits" or "Senior Solutions" or American United Health" or "Senior Financial Solutions".

32. The Telemarketers use these fake monikers because they know their calls are illegal and they are trying to prevent lawsuits from coming back at them.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

33. Calls from each Telemarketer generally used the same calling script and generally used the same voice.

34. This list below is a non-exhaustive list of phone calls the Plaintiff received in 2025 and 2026, each of them from Mutual of Omaha or Aetna, or an agent acting on behalf of Mutual of Omaha or Aetna, selling Mutual of Omaha's and Aetna's insurance goods and services:

| Call # | Date | Calling # | Robocall | DNC | S | Calling from: |
|---|---|---|---|---|---|---|
| 1 | 8/11/2025 | | ✓ | ✓ | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| 2 | 8/15/2025 | | ✓ | | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| 3 | 8/19/2025 | 253 879 6212 | ✓ | | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| 4 | 9/8/2025 | | ✓ | | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| 5 | 9/15/2025 | | ✓ | | ✓ | Caller said they were from Healthcare Benefits and they were calling to sell an Aetna policy |
| 6 | 9/18/2025 | 253 323 4672 | ✓ | | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| 7 | 9/23/2025 | | ✓ | | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| 8 | 9/23/2025 | | ✓ | | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| 9 | 9/24/2025 | | | | | American Benefits calling to sell Mutual of Omaha and Aetna policies. Sold Mr. Littman an **Aetna** policy. |
| DNC Request sent to Aetna on 9/25/2025 using a reasonable means. Mr. Littman informed Aetna about the unwanted calls, the purchase of insurance to identify the illegal caller, that he did not want the policy and they should cancel it and advised Aetna that he wanted the sales calls selling Aetna insurance to stop. | | | | | | |
| 10 | 9/26/2025 | 253 478 1815 | ✓ | | ✓ | American Benefits called on Aetna's behalf to sell an Aetna policy. |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | | | |
|---|---|---|---|---|---|---|
| 11 | 9/30/2025 | 253 538 9687 | ✓ | | ✓ | American Benefits called on Aetna's behalf to sell an Aetna policy. |
| 12 | 10/3/2025 | 253 352 4201 | ✓ | | ✓ | American Benefits called on Aetna's behalf to sell an Aetna policy. |
| 13 | 10/6/2025 | 253 352 4201 | ✓ | | ✓ | American Benefits called on Aetna's behalf to sell an Aetna policy. |
| On 10/15/2025, Mr. Littman told one of the phone agents who sold him the 9/24/2025 Aetna policy - Noah Green - to put him on their do-not-call list. | | | | | | |
| 14 | 10/28/2025 | 253-453-1639 | ✓ | | ✓ | U.S. Funeral Expenses. Sold Mr. Littman an **Aetna** policy. |
| DNC Request sent to Aetna on 10/28/2025 using a reasonable means. Mr. Littman told Aetna about the unwanted calls, the purchase of insurance to identify the illegal caller, that he did not want the policy, and advised Aetna that he wanted the sales calls selling Aetna insurance to stop. | | | | | | |
| 11/5/2025, Aetna withdrew $144.25 in funds from Mr. Littman's account for the 9/25/2026 policy sold during a phone call they knew to be illegal | | | | | | |
| 15 | 11/17/2025 | 253 645 5402 | ✓ | | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| DNC Request sent to Mutual of Omaha on 11/18/2026 using a reasonable means informed them about an unwanted call pitching their insurance | | | | | | |
| DNC Request sent to Aetna on 12/8/2025 using a reasonable means informed them about an unwanted call pitching their insurance | | | | | | |
| 16 | 12/16/2025 | 970 296 9753 | | | | Mark Shipper called Mr. Littman to sell him an Aetna policy. |
| DNC Request sent to Aetna on 12/16/2025 using a reasonable means informed them about Mark Shipper's unwanted call pitching their insurance | | | | | | |
| 17 | 12/23/2025 | | ✓ | | ✓ | U.S. Funeral Expenses. Called to sell Aetna and Mutual of Omaha policies. Sold Mr. Littman a **Mutual of Omaha** policy BU6302298. |
| DNC Request sent to Mutual of Omaha on 12/24/2025 using a reasonable means informed them about the illegal call that resulted in the sale of the BU6302298 policy, that Mr. Litman didn't want the policy but only purchased it to identify who the insurance agent was selling for, and for Mutual of Omaha to cancel the policy and not take money for the policy. | | | | | | |
| 12/30/2025, Aetna withdrew $144.25 in funds from Mr. Littman's account for the 10/28/2026 policy sold during a phone call they knew to be illegal | | | | | | |



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | | | |
|---|---|---|---|---|---|---|
| 18 | 1/7/2026 | 425 900 0028 | | | ✓ | Infinity Health Clinics. Called to sell Aetna and Mutual of Omaha policies. Sold Mr. Littman a **Mutual of Omaha** policy xxxxxx446. |
| DNC Request sent on 1/8/2026 to Mutual of Omaha using a reasonable means informed them about the illegal call that resulted in the sale of the xxxxxx446 policy, that Mr. Litman didn't want the policy but only purchased it to identify who the insurance agent was selling for, and for Mutual of Omaha to cancel the policy and not take money for the policy. | | | | | | |
| On 1/12/2026 Mutual of Omaha withdrew $53.04 for one of the above insurance policies sold during a phone call they knew to be illegal | | | | | | |
| 19 | 1/8/2026 | 253 367 0535 | ✓ | | ✓ | Caller said they were from Healthcare Benefits and they were calling to sell an Aetna policy |
| 20 | 1/16/2026 | | ✓ | | ✓ | U.S. Funeral Expenses called on behalf of Aetna and Mutual of Omaha to sell their insurance |
| On 2/3/2026 Mutual of Omaha withdrew $53.04 for policy xxxxxx446 sold during a phone call they knew to be illegal | | | | | | |
| 21 | 2/3/2026 | 253 536 8230 | ✓ | | ✓ | Caller said he was from a "Senior Financial Solutions" and he had "affiliation with 40 different top-A rated insurance companies, such as Mutual of Omaha . . . I work with Aetna". |
| 22 | 2/6/2026 | 253 544 3592 | | | ✓ | The 12/24/2026 policy selling agents called back: "I can also go through Aetna Insurance, and then I can also do a mutual of Omaha policy at the moment as well" |
| On 2/6/2026 Mr. Littman used a reasonable means to send Mutual of Omaha and Aetna communications informing them of this unwanted call selling their insurance and made another DNC request to both of them | | | | | | |
| 23 | 2/10/2026 | | | | ✓ | Caller said their company name was "Healthcare Benefits" and "we are working with top 25 insurance carriers like Humana, Aetna" |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | | | |
|---|---|---|---|---|---|---|
| 24 | 2/17/2026 | 253 537 5366 | ✓ | ✓ | ✓ | Caller said they were from "American United Health" and "we are partnered with top-notch insurance companies such as Mutual of Omaha" and then quoted an Aetna policy for $25 a month for $5,000. |
| 25 | 2/18/2026 | 253 785 6416 | | | | Caller said he was with "Senior Solutions" and "I work with the 40 best insurance companies, such as Mutual of Omaha" and quoted them at $37.47 for $7,000 or $53,10 for $10,000. |
| 26 | 2/20/2026 | 206 647 5537 | | | | Caller said "when you are applying for this $10,000 policy, it's going to be through Aetna" and quoted $42 for a $10,000 Aetna policy. |
| On 2/17/2026 and again on 2/18/2026 Mr. Littman used reasonable means to send Mutual of Omaha DNC requests | | | | | | |
| On 2/22/2026 Mr. Littman used a reasonable means to send Aetna a communication about the unwanted 206 647 5537 caller. | | | | | | |

35. During the 8/11/2025 phone call, the Plaintiff used a reasonable means to ask for no further calls.

36. A check mark in the DNC column means the Plaintiff asked the caller not to call again.

37. Each calling number in the table above with a checkmark in the S column was 'spoofed' – the phone number transmitted as the caller's number was fake and a call back to that number could not and did not reach Mutual of Omaha or Aetna or any of their agents.

38. The Plaintiff knows because he called the calling numbers back and knew when he did not reach Mutual of Omaha or Aetna or any of their agents.

39. Calls to the calling numbers most often reached disconnected phone lines or people or businesses obviously not involved in insurance sales.

40. Each caller initiated the call for the purpose of encouraging the Plaintiff to purchase final expense insurance.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

41. Each caller initiated the call for the purpose of encouraging the Plaintiff to purchase final expense insurance from Mutual of Omaha and Aetna.

42. Each caller called for the purpose of pitching final expense insurance to the Plaintiff.

43. In none of these calls did the callers identify who they were calling from, or their name, or identify who they were calling on behalf of during the first 30 seconds of the call.

44. "U.S. Funeral Expenses" is not the business name of Mutual of Omaha or Aetna or any of their agents, including the Telemarketer behind the "U.S. Funeral Expenses" calls.

45. "American Benefits" is not the business name of Mutual of Omaha or Aetna or any of their agents, including the Telemarketer behind the "U.S. Funeral Expenses" calls.

46. "Infinity Health Clinics" is not the business name of Mutual of Omaha or Aetna or any of their agents, including the Telemarketer behind the "Infinity Health Clinics" calls.

47. "Senior Solutions" is not the business name of Mutual of Omaha or Aetna or any of their agents, including the Telemarketer behind the "Infinity Health Clinics" calls.

48. "American United Health" is not the business name of Mutual of Omaha or Aetna or any of their agents, including the Telemarketer behind the "Infinity Health Clinics" calls.

49. "Healthcare Benefits" is not the business name of Mutual of Omaha or Aetna or any of their agents, including the Telemarketer behind the "Infinity Health Clinics" calls.

**Identifying Aetna**

50. On the 9/25/2025 phone call the Plaintiff purchased insurance from Aetna's phone agent and Aetna sold the Plaintiff a policy #ACC7091558.

51. On 9/25/2025 the Plaintiff used a reasonable means to tell Aetna about the unwanted calls, the purchase of insurance to identify the illegal caller, that he did not want the



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

policy and they should cancel it, and advised Aetna that he wanted the sales calls selling Aetna insurance to stop.

52. Despite knowing about the illegal calls and the unwanted policy, over a month later, on 11/5/2025, Aetna withdrew $144.25 in funds from the Plaintiff's account for the policy.

53. To the date of this lawsuit Aetna has not voluntarily refunded the money.

54. On the 10/28/2025 phone call the Plaintiff purchased insurance from Aetna's phone agent and Aetna sold the Plaintiff a policy #ACC7105737.

55. On 10/28/2025 the Plaintiff used a reasonable means to tell Aetna about the unwanted calls, the purchase of insurance to identify the illegal caller, that he did not want the policy, and advised Aetna that he wanted the sales calls selling Aetna insurance to stop.

56. Despite knowing about the illegal calls and the unwanted policy, over one month later, on 12/30/2025, Aetna withdrew $144.25 in funds from the Plaintiff's account for the policy.

57. To the date of this lawsuit Aetna has not voluntarily refunded the money.

58. On 12/8/2025 the Plaintiff used a reasonable means to follow up with Aetna about the previous two letters and informed them that he had not heard anything from Aetna.

59. The Plaintiff continued to hear nothing from Aetna.

60. Only during the 11/17/2025 call, and the four calls where the Plaintiff purchased insurance to find the identity of the caller, did the callers at any point identify themselves or who they were calling for by name or phone number, and never by address.

**Identifying Mutual of Omaha**

61. On the 12/23/2025 phone call the Plaintiff purchased insurance from Mutual of Omaha's phone agent and Mutual of Omaha sold the Plaintiff a policy #BU6302298.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

62. On 12/24/2025 the Plaintiff used a reasonable means to tell Mutual of Omaha about the unwanted calls, the purchase of insurance to identify the illegal caller, that he did not want the policy and they should cancel it, and advised Mutual of Omaha that he wanted the sales calls selling Mutual of Omaha insurance to stop.

63. Despite knowing about the illegal calls and the unwanted policy, 19 days later, on 1/12/2026, Mutual of Omaha withdrew funds from the Plaintiff's account for the policy.

64. The Plaintiff later canceled the policy to stop the payments.

65. On the 1/7/2025 phone call the Plaintiff purchased insurance from Mutual of Omaha's phone agent and Mutual of Omaha sold Mr. Littman a policy #UR6474446.

66. On 1/8/2026 the Plaintiff used a reasonable means to tell Mutual of Omaha about the unwanted calls, the purchase of insurance to identify the illegal caller, that he did not want the policy and they should cancel it, and advised Mutual of Omaha that he wanted the sales calls selling Mutual of Omaha insurance to stop.

67. Despite knowing about the illegal calls and the unwanted policy, 26 days later, on 2/3/2026, Mutual of Omaha withdrew funds from the Plaintiff's account for the policy.

68. Mutual of Omaha and Aetna or their agents continued calling the Plaintiff.

**Ratification**

69. Despite The Plaintiff telling both Mutual of Omaha and Aetna about the illegal calls, including the policy numbers, they charged him for the policies and did not voluntarily disgorge themselves of the profits.

70. Despite The Plaintiff telling both Mutual of Omaha and Aetna about the illegal calls, including the policy numbers, they did not discipline the people responsible because they know a considerable source of their revenue is derived from illegal calls and they do not wish to discourage their agents from using illegal phone calls.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

71. In no call did these Telemarketer(s) identify who they were calling on behalf of, or the name of who they were calling from during the call.

72. In none of these calls (except for the five as described above) did the caller provide a telephone number or address at which the person or entity may be contacted to make a do-not-call request.

73. The callers had the capacity to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failed to do so.

74. The callers had the capacity to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed and willfully failed to do so on every single call.

75. Mutual of Omaha and Aetna or their agents always transmitted false caller ID information to each of the solicitation calls they initiated to the Plaintiff.

76. In none of the calls Mutual of Omaha and Aetna initiated to the Plaintiff did the caller identify the entity behind the call as Mutual of Omaha or Aetna or identify the actual name of the caller except in the five calls described above.

## IV. CLASS ACTION

77. The Plaintiff brings this class action lawsuit pursuant to CR 23 and seeks certification of the following Classes:

**NATIONWIDE CLASSES**

**DNCR Class**: The Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or agents calling on behalf of the Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**<u>Identification Class:</u>** The Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification the Defendants (or agents calling on behalf of the Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**<u>Procedures Class:</u>** The Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification, made a do not call request to one or more Defendant (or agents calling on behalf of the that Defendant), that Defendants did not have sufficient procedures instituted to prevent further telephone solicitation calls to that person, and that person received further telephone solicitation calls from or on behalf of that Defendant.

**<u>Pre-recorded No Consent Class</u>**: The Plaintiff and all persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants, or agents calling on behalf of the Defendants, called on their telephone number (2) using the same or a substantially similar artificial or pre-recorded voice messages used to call the Plaintiff.

**<u>False or Misleading Caller ID class</u>**: The Plaintiff and all persons within the United State who from four years prior to the filing of this action through class certification the Defendants (or agents calling on behalf of the Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

## <u>WASHINGTON STATE CLASSES</u>

**<u>WA DNCR Class</u>:** The Plaintiff and all persons within Washington State who the Defendants (or agents calling on behalf of the Defendants) initiated a telephone solicitation call to their telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations in violation of RCW 80.36.390(9).

**<u>WA 30 Second Identification Class:</u>** The Plaintiff and all persons within Washington State who, from four years prior to the filing of this action through class certification, the Defendants (or agents calling on behalf of the Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation was being made and the purpose of the call within the first 30 seconds of the telephone call in violation of RCW 80.36.390(3).



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**<u>WA Automatic Dialing and Announcing Device Class</u>**: The Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification (1) the Defendants (or agents calling on behalf of the Defendants), called their telephone number using an (2) automatic dialing and announcing device for purposes of commercial solicitation in violation of RCW 80.36.400.

**<u>WA Misleading Caller ID Class</u>**: Plaintiff and all persons within Washington State who from four years prior to the, filing of this action through class certification, (1) the Defendants (or agents calling on behalf of the Defendants), called their telephone number while (2) knowingly transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value in violation of RCW 80.36.390(10).

78. **Numerosity:** The exact number of Class members is unknown but based on the en masse nature of telemarketing it is believed to be at least thousands of persons at this time, such that individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records or those of their agents.

79. **Commonality** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes.

80. **Typicality:** The Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of the Defendants' telemarketing calls and Class members sustained similar injuries and damages as a result of the Defendants' uniform illegal conduct.

81. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendants have no defenses unique to Plaintiff.

80. **Risk of inconsistency**: The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for the Defendants.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

81. **Risk of harm to Class interests:** The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

82. **Defendants' actions are universal to Classes**: The Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole.

83. **Predominancy:** Questions of law or fact common to the members of the Classes predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a. Whether Defendants obtained "prior express invitation or permission" under the TCPA before the calls at issue;

b. Whether Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether Defendants sent text messages without providing the party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages Defendants sent to Washington residents' cell phones or pagers;

e. Whether Defendants should be held liable for violations committed on their behalf, if any; and



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5)(C) and RCW 19.86.090.

84. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

85. **Exclusions:** Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## V. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

86. Mutual of Omaha is a "seller" as defined by 47 CFR § 64.1200(f)(10).

87. Aetna is a "seller" as defined by 47 CFR § 64.1200(f)(10).

88. Mutual of Omaha is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

89. Aetna is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

90. All of the calls the Defendants initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

91. Mutual of Omaha and its agents engaged in "telephone solicitation" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(a).

92. Aetna and its agents engaged in "telephone solicitation" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(a).



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

93. Mutual of Omaha and its agents made "telephone calls" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(c).

94. Aetna and its agents made "telephone calls" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(c).

95. Mutual of Omaha and its agents are "telephone solicitors" as defined by RCW 80.36.390(4).

96. Aetna and its agents are "telephone solicitors" as defined by RCW 80.36.390(4).

97. Mutual of Omaha and its agents "assisted in the transmission" of telephone solicitations to the Plaintiff and Washington State residents as defined by RCW 80.36.400(1)(a)(i).

98. Aetna and its agents "assisted in the transmission" of telephone solicitations to the Plaintiff and Washington State residents as defined by RCW 80.36.400(1)(a)(i).

99. Mutual of Omaha and its agents utilized "automatic dialing and announcing devices" as defined by RCW 80.36.400(1)(b) to contact the Plaintiff and Washington State residents.

100. Aetna and its agents utilized "automatic dialing and announcing devices" as defined by RCW 80.36.400(1)(b) to contact the Plaintiff and Washington State residents.

101. Mutual of Omaha and its agents engaged in "commercial solicitations" to the Plaintiff and Washington State residents as defined by RCW 80.36.400(1)(c).

102. Aetna and its agents engaged in "commercial solicitations" to the Plaintiff and Washington State residents as defined by RCW 80.36.400(1)(c).

103. Mutual of Omaha and its agents are "persons" as defined by RCW 19.86.010(1).

104. Aetna and its agents are "persons" as defined by RCW 19.86.010(1).



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

105. The Plaintiff is a person as defined by RCW 19.86.010(1).

106. Mutual of Omaha and its agents engaged in "trade" and "commerce" with the Plaintiff and Washington State residents as defined by RCW 19.86.010(2).

107. Aetna and its telephone agents engaged in "trade" and "commerce" with the Plaintiff and Washington State residents as defined by RCW 19.86.010(2).

108. The calls were initiated to encourage the Plaintiff and Washington State Residents to purchase goods and/or services from Mutual of Omaha and Aetna.

109. The phone ringing and listening to pre-recorded or artificial voice calls where it takes time and annoyance to talk to a live person is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

110. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

111. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.

## COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(b)

112. Pursuant to 47 U.S.C. § 227(b), it is unlawful for a person to place telephone calls with an artificial or prerecorded voice.

113. The Plaintiff re-alleges the previous paragraphs supra.

114. The Defendants violated 47 U.S.C. § 227(b) by calling the Plaintiff's telephone while using an artificial or prerecorded voice. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. §227 applies to their calls.

115. Therefore, the Defendants violated 47 U.S.C. § 227(b) on no fewer than fifty (50) occasions.

116. The Plaintiff has been damaged and injured as a result of these actions.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

117. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)**

118. Pursuant to 47 U.S.C. § 227(c), it is unlawful for a person to initiate telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

119. The Plaintiff re-alleges the previous paragraphs supra.

120. The Plaintiff registered his telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

121. The Defendants violated 47 U.S.C. § 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

122. No exception under 47 C.F.R. § 64.1200 or 47 U.S.C. § 227 applies to their calls.

123. The Defendants instructed their agents to identify themselves to the Plaintiff with fake business names and/or to not identify themselves as Mutual of Omaha or Aetna because they knew they were illegally calling the Plaintiff and they wanted to prevent the Plaintiff and consumers like her from suing Mutual of Omaha or Aetna for the illegal calls.

124. Mutual of Omaha and Aetna instructed their agents to not transmit accurate caller ID information for the same reason – preventing lawsuits for their illegal calls.

125. The Defendants violated 47 U.S.C. § 227(c) on no fewer than fifty (50) occasions.

126. The Plaintiff has been damaged and injured as a result of these actions.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

127. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

128. Pursuant to 47 C.F.R. § 64.1200(d)(4), all artificial or prerecorded voice telephone messages or any call for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

129. The Plaintiff re-alleges the previous paragraphs supra.

130. When telemarketing to consumers, the Defendants and their agents never identified the name of the individual caller, the name of the person or entity on whose behalf the call was being made, and the telephone number or address at which the person or entity could be contacted.

131. Instead they used fake generic names or didn't give a name at all.

132. And never gave a telephone number or address where the person or entity could be contacted.

133. The Defendants and their agents were unwilling or unable to comply with 47 C.F.R. § 64.1200(d)(4).

134. Therefore, the Defendants violated 47 C.F.R. § 64.1200(d) and 47 C.F.R. § 64.1200(d)(4) on no fewer than fifty (50) occasions.

135. The Plaintiff has been damaged and injured as a result of these actions.

136. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(5)**

137. 47 C.F.R. § 64.1200(d) states that no person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

138. 47 C.F.R. § 64.1200(d)(5) states that in the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular entity making the call (or on whose behalf a call is made).

139. The Plaintiff repeatedly asked the Defendants and their agents to stop calling him.

140. The Defendants were unwilling or unable to comply with 47 C.F.R. § 64.1200(d)(5).

141. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d) and 47 C.F.R. § 64.1200(d)(5) on no fewer than fifty (50) occasions.

142. The Plaintiff has been damaged and injured as a result of these actions.

143. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1601(e)**

144. 47 C.F.R. § 64.1601(e) requires any entity engaged in telemarketing as that term defined in 47 C.F.R. § 64.1200 must transmit caller identification information.

145. The Plaintiff re-alleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

146. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

147. The Defendants and their agents did neither.

148. The Defendants and their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and Mutual of Omaha and Aetna and their agents chose not to transmit this information on any call to Plaintiff.

149. The Defendants and their agents chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

150. Therefore, the Defendants have violated 47 C.F.R. § 64.1601(e) on no fewer than fifty (50) occasions.

151. The Plaintiff has been damaged and injured as a result of these actions.

152. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 6 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(3)**

153. Pursuant to RCW 80.36.390(3), a telephone solicitor must identify themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call, within the first thirty (30) seconds of the telephone call.

153. The Plaintiff re-alleges the previous paragraphs supra.

154. The Defendants and their agents never identified themselves, the company or organization on whose behalf the solicitation was being made, and the purpose of the call, within the first thirty (30) seconds of the telephone calls to the Plaintiff.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

155. Therefore, the Defendants have violated RCW 80.36.390(3) on no fewer than fifty (50) occasions.

156. The Plaintiff has been damaged and injured as a result of these actions.

157. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 7 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(7)**

158. Pursuant to RCW 80.36.390(7), if, at any time during the telephone contact, the called party states or indicates that he or she does not want to be called again by the telephone solicitor or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the telephone solicitor: (a) The telephone solicitor shall inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year; (b) The telephone solicitor shall end the call within 10 seconds; (c) The telephone solicitor shall not make any additional telephone solicitation of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year; and (d) The telephone solicitor shall not sell or give the called party's name, telephone number, and other contact information to another company or organization.

159. The Plaintiff re-alleges the previous paragraphs supra.

160. In no call, after informing the Defendants and their agents he did not want to be called again and wanted his phone number removed from their calling list, did the Defendants and their agents end the call within 10 seconds *and* inform the Plaintiff that his contact information would be removed for at least one year.

161. The Defendants and their agents called the Plaintiff at the same phone number many times within one year as identified in the calling table above, therefore violating RCW 80.36.390(7) on no fewer than fifty (50) occasions.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

162. The Plaintiff has been damaged and injured as a result of these actions

163. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(9)

164. Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to 47 U.S.C. § 227 and related regulations, as currently enacted or subsequently amended.

165. The Plaintiff re-alleges the previous paragraphs supra.

166. The Defendants and their agents initiated telephone solicitations to the Plaintiff's telephone number after he caused it to be registered on the federal do not call registry maintained.

167. Therefore, the Defendants violated RCW 80.36.390(9) on no fewer than fifty (50) occasions.

168. The Plaintiff has been damaged and injured as a result of these actions

169. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 9 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(10)

170. Pursuant to RCW 80.36.390(10), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number that violates 47 U.S.C. § 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government.

171. The Plaintiff re-alleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

172. The Defendants and their agents initiated telephone solicitations to the Plaintiff's telephone number while knowingly transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

173. The Defendants and their agents invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of invading the Plaintiff's privacy.

174. The Defendants and their agents invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of selling the Plaintiff goods or services.

175. Therefore, the Defendants violated RCW 80.36.390(10) on no fewer than fifty (50) occasions.

176. The Plaintiff has been damaged and injured as a result of these actions.

177. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 10 – WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT RCW 80.36.400(2)**

178. Pursuant to RCW 80.36.400(2), no person may use an automatic dialing and announcing device for the purposes of commercial solicitation.

179. The Plaintiff re-alleges the previous paragraphs supra.

180. The Defendants and their agents used a device to initiate artificial or prerecorded voice calls to the Plaintiff.

181. The device the Defendants and their agents used to initiate the artificial or prerecorded voice calls to the Plaintiff automatically dials phone numbers, and when a connection is established, automatically plays an announcement.

182. If the announcement plays successfully, the Defendants and their agents initiate a transfer of the call to a live person selling Mutual of Omaha's and Aetna's goods or services.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

183. The Defendants and their agents used this device for the purpose of initiating commercial solicitation to the Plaintiff and consumers like him.

184. The Defendants and their agents used an automatic dialing and announcing device for the purposes of commercial solicitation on every artificial or prerecorded voice call they placed to the Plaintiff's residential phone line.

185. Therefore, the Defendants violated RCW 80.36.400(2) on no fewer than fifty (50) occasions.

186. The Plaintiff has been damaged and injured as a result of these actions.

187. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 11 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 ET SEQ**

188. Pursuant to RCW 80.36.390(12), a violation of RCW 80.36.390 is a per se violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

189. Pursuant to RCW 80.36.400(4), a violation of RCW 80.36.400 is a per se violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

190. The Plaintiff re-alleges the previous paragraphs supra.

191. Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

192. Each of the previously pleaded violations of RCW 80.36.400 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

193. Therefore, the Defendants have violated RCW 19.86 et seq on no fewer than one hundred (100) occasions.

194. The Plaintiff has been damaged and injured as a result of these actions.

195. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## COUNT 12 – INJUNCTIVE RELIEF

196. Pursuant to 47 U.S.C. § 227(c)(5)(A), an individual may bring a private action to enjoin violations of the Telephone Consumer Protection Act.

197. Pursuant to RCW 80.36.390(13), an individual may bring a private action to enjoin violations of the Washington Telephone Solicitation Act.

198. Pursuant to RCW 80.36.400(4), an individual may bring a private action to enjoin violations of the Washington Automatic Dialing & Announcing Device Act.

199. Pursuant to RCW 19.86.090, an individual may bring a private action to enjoin violations of the Washington Consumer Protection Act.

200. The Plaintiff re-alleges the previous paragraphs supra.

201. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards residents of the United States and Washington State in the manner described above.

202. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C.§ 227(b), 47 U.S.C.§ 227(c), RCW 80.36.390, RCW 80.36.400, and RCW 19.86 *et seq.*

203. The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

204. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

205. Injunctive relief should therefore be granted by this Court.

## VI. JURY DEMAND

206. The Plaintiff demands a trial by jury.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## VII. PRAYER FOR RELIEF

207. WHEREFORE, the Plaintiff prays that the proposed Classes be certified under CR 23, and that the Plaintiff and his counsel be appointed to represent the Classes and for judgment be entered against the Defendants for:

208. Plaintiff's actual damages;

209. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

210. For statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act;

211. For statutory damages of $1,000.00 per violation of the Washington Automatic Dialing & Announcing Device Act;

212. For statutory damages of $1,000.00 per violation of the Washington Consumer Protection Act;

213. For treble damages pursuant to 47 U.S.C. § 227(c)(5)(C) and RCW 19.86.090.

214. For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13) and RCW 19.86.090;

215. For all injunctive relief as pleaded for above;

216. For any and all other relief this Court deems proper.

DATED April 24, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015