Hon. Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, AETNA HEALTH AND LIFE INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | CASE NO. 3:26-cv-05538-TMC<br><br>REPLY IN SUPPORT OF AHLIC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>**NOTE ON MOTION CALENDAR: July 29, 2026** |

## INTRODUCTION

In moving to dismiss for lack of personal jurisdiction, Aetna Health and Life Insurance Company ("AHLIC") filed the Declaration of Lori Rodman, providing key evidence that AHLIC had nothing to do with the calls at issue or the policies Plaintiff purchased. Most critically, AHLIC (i) *does not* sell life insurance products and (ii) *does not* issue policies beginning with #ACC (as Plaintiff's alleged policies did). (*See* Dkt. 24 ¶¶ 6, 9.) Not only does Plaintiff fail to address this evidence, but the evidence Plaintiff files in turn never once



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

mentions AHLIC. Plaintiff does not even explain how he came to name AHLIC as a defendant.

Plaintiff fails to establish a *prima facie* basis for personal jurisdiction. This is not a situation of conflicting evidentiary submissions; Plaintiff fails to rebut the evidence AHLIC submitted. Plaintiff further fails to provide even a scintilla of evidence concerning AHLIC. Jurisdictional discovery in such situations should not be permitted. Plaintiff cannot name an Aetna entity at random, and with no basis whatsoever, and thereby use this case as a tool to put that entity through jurisdictional discovery.

For the reasons detailed in its Motion and further below, AHLIC should be dismissed for lack of personal jurisdiction and without discovery.

## I. PLAINTIFF'S EVIDENCE

In opposition to AHLIC's Motion to Dismiss, Plaintiff provides (i) the declaration of Ron Littman and (ii) the declaration of Nathen Barton, an apparent employee of Plaintiff's counsel. (Dkt. 29, 30.) Two issues bear noting at the outset concerning Plaintiff's evidence.

<u>First</u>, the evidence Plaintiff submits is noteworthy because at no point does it reference the entity Plaintiff is suing, Aetna Health and Life Insurance Company. Plaintiff's declaration attests, without specifically identifying any corporate entity, that he received calls concerning policies "from Aetna." (Dkt. 29 ¶¶ 4, 5.) Plaintiff repeats "Aetna" throughout his Declaration, and contends he spoke with someone "working for Aetna." (*Id.* ¶¶ 6-15.) The problem, however, is that Plaintiff nowhere identifies AHLIC, the defendant in this case. Plaintiff's own evidence does not do so either. The policy Plaintiff appends to his declaration does not identify AHLIC, nor do the payment images he submits. (*Id.* at ECF 5-10.)

<u>Second</u>, the Declaration of Ron Littman confirms that the policies in question were mailed to the address 4618 NW 11TH Cir., Camas, Washington 98607. (Dkt. 29 at ECF 5.) This fact is pertinent because that is the home address of *Nathen Barton*, a self-described employee of Plaintiff's counsel and frequent *pro se* litigant in this Court. *See Barton v.*



**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

*American Family Life Assurance Company of Columbus*, No. 3:25-cv-05671-TMC (listing on the docket the same address for plaintiff Nathen Barton); *id.* at Dkt. 1-2 ¶ 41 (identifying the Camas, Washington address as Nathen Barton's residence). This *Barton* case is in fact substantially similar to this action, involving many similar allegations.

Putting aside Plaintiff's failure to provide any evidence relating to AHLIC, AHLIC is nonetheless troubled by this evidence of coordination, with Plaintiff having insurance policies mailed to the home address of Mr. Barton, who in turn sues. Should this case proceed—and AHLIC firmly contends it should be dismissed for lack of personal jurisdiction—AHLIC believes this evidence could clearly impact both the merits of claims and Plaintiff's ability to represent a class. *See, e.g.*, *Drimmer v. WD-40 Co.*, 343 F. App'x 219, 221 (9th Cir. 2009) ("It is not an abuse of discretion to find that this relationship indicated a potential conflict of interest between Drimmer and his counsel and the proposed class members."); *Langendorf v. Skinnygirl Cocktails, LLC*, 306 F.R.D. 574, 581 (N.D. Ill. 2014) ("While Langendorf is not related to counsel, defendants have provided evidence indicating that the relationship is not purely arms-length, and this causes genuine concern about conflicts of interest.").

## II. PLAINTIFF CANNOT ALLEGE PERSONAL JURISDICTION OVER AHLIC.

### A. Plaintiff Waives Any Argument as to General Jurisdiction.

Out of an abundance of caution, and because Plaintiff did not specify his theory of personal jurisdiction, AHLIC briefed both general and specific jurisdiction. AHLIC incorporates its general jurisdiction analysis here. (*See* Dkt. 23 at 5-8.) In short, AHLIC argued that Plaintiff failed to allege AHLIC's contacts with the State of Washington were so continuous and systematic as to render it "essentially at home" in Washington, and could not so allege. *See Goodyear Dunlop Tires Operations v. Brown,* 564 U.S. 915, 919 (2011).

Plaintiff declines to address general jurisdiction in his brief, conceding this issue and waiving any argument to the contrary. *See, e.g.*, *Moore v. Effectual Inc.*, No. 3:23-CV-05210-



WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

DGE, 2024 WL 1091689, at *10 (W.D. Wash. Mar. 13, 2024) ("The failure to substantively oppose arguments can be construed as a waiver or abandonment of those issues thus warranting dismissal of those claims."); *Reyes v. Wells Fargo Bank*, No. EDCV 17-909-JFW(KKX), 2017 WL 11568871, at *4 (C.D. Cal. Aug. 17, 2017) ("Plaintiff failed to respond to Wells Fargo's argument regarding judicial estoppel and, thus, has conceded that her claims are barred by the doctrine of judicial estoppel.").

This Court should thus determine that AHLIC is not essentially at home in Washington and thus there is no general jurisdiction over AHLIC. As noted in its Motion, AHLIC is a Connecticut corporation headquartered in Connecticut, and does not have any offices in Washington. (*See* Dkt. 24 ¶ 10.)

**B. Plaintiff Fails to Allege, and Provides No Evidence to Support, that AHLIC's Suit-Related Conduct Connects it to this Forum.**

The thrust of Plaintiff's opposition is that because he believes "Aetna" is vicariously liable for the calls at issue, he is entitled to name any Aetna entity of his choosing, without any colorable basis to do so, and simply assume vicarious liability. (*See* Dkt. 28 at 7.) Plaintiff is mistaken; personal jurisdiction is lacking.

***i. The Ninth Circuit's burden and evidentiary analysis***

It is axiomatic that where a defendant challenges personal jurisdiction, "plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). While Plaintiff need only make a *prima facie* showing without an evidentiary hearing, he "cannot simply rest on the bare allegations of its complaint . . . ." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotations and citation omitted).[1] This Court "may not assume the truth of allegations in a

[1] Although the Parties have each submitted declarations, AHLIC would welcome an evidentiary hearing to the extent this Court believes it necessary.



WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977); *Amazon.com Inc. v. Robojap Techs. LLC*, No. C20-694 MJP, 2020 WL 7490376, at *2 (W.D. Wash. Dec. 21, 2020) (same). Factual disputes, however, are resolved in favor of Plaintiff. *See Amazon.com Inc.*, 2020 WL 7490376, at *2.

In moving to dismiss for lack of personal jurisdiction, AHLIC submitted an affidavit from Lori Rodman (the "Rodman Declaration") that establishes AHLIC had nothing whatsoever to do with the calls at issue. Among other things: (i) AHLIC does not sell life insurance products and (ii) AHLIC did not issue the policies Plaintiff purchased, beginning with #ACC. (Dkt. 24.) Plaintiff must thus "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *MGA Ent., Inc. v. Innovation First, Inc.*, 525 F. App'x 576, 578 (9th Cir. 2013) (internal quotations and citation omitted); *see also Weakley v. Amazon.com Inc.*, No. C20-71 MJP, 2020 WL 2307494, at *2 (W.D. Wash. May 8, 2020) ("When personal jurisdiction is challenged, [a] plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.") (internal quotations and citation omitted).

In response, and as noted above, Plaintiff fails to identify a single piece of evidence connecting AHLIC to this case in any way. Plaintiff submits a mailed policy that nowhere identifies AHLIC. (*See* Dkt. 29 at ECF 5.) The mail came from Accendo Insurance Company. (*Id.*) Plaintiff submits two transaction records that similarly omit AHLIC, and identify payments to "Aetnaaccendo." (*Id.* at 8, 10.) No document submitted by Plaintiff even mentions the name "Aetna Health and Life Insurance Company." While the declaration from Nathen Barton indicates he sent cease and desist letters to "Aetna Health and Life Insurance Company," he fails to explain (or support) why he chose that entity for correspondence.

Plaintiff's opposition brief merely reiterates his purported evidence, stressing that he received mail from Accendo Insurance Company featuring the CVS Health logo. (Dkt. 28 at 6.)



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Plaintiff similarly points to payments to "Aetnaaccendo." (*Id.* at 6, 7.) At no point does Plaintiff explain how he arrived at AHLIC as the defendant in this case. To that end, Plaintiff circularly argues that "AHLIC's agents can't invoke its name when selling products, nor can AHLIC plaster its name all over policy documents . . . ." (Dkt. 28 at 7.) The trouble with this argument, though, is that Plaintiff fails at any point to provide any evidence or facts to back it up. The name "Aetna Health and Life Insurance Company" appears on no document Plaintiff provided, and Plaintiff fails in his declaration to claim that any agent identified AHLIC.

This is not a matter of competing evidence. Plaintiff submits no evidence of any kind rebutting the Rodman Declaration or creating any factual dispute. In short, the evidence Plaintiff submits has nothing to do with AHLIC, the entity he chose to sue. Plaintiff cannot support personal jurisdiction with rote guesswork or the mere assumption that the name "Aetna" confers personal jurisdiction over any entity with Aetna in its name. The Rodman Declaration establishes AHLIC was not involved in the outreach at issue and *did not* issue the policies sent to Plaintiff, and his own evidence only validates this fact.

***ii. Plaintiff fails to make a prima facie showing of specific jurisdiction.***

To establish a *prima facie* showing of specific jurisdiction, Plaintiff must satisfy the Ninth Circuit's three-factor test. *See, e.g., Mavrix Photo*, 647 F.3d at 1227–28. On this, the Parties agree. (*See* Dkt. 28 at 7-8.) As Plaintiff argues, the "purposeful direction" analysis is generally the test utilized analyzing tort claims. (*See id.* at 8.)[2] This test, known as the effects test, "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

---

[2] The Ninth Circuit has more recently indicated that there is no firm dividing line between the purposeful direction and purposeful availament analyses. *See Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023). AHLIC analyzed both in its Motion, but will focus here on the purposeful direction analysis as it is the analysis Plaintiff utilizes.



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Plaintiff first contends that the effects test is met because he has a Washington area telephone number. (Dkt. 28 at 8.) This argument, and cited authority, fails to help Plaintiff. While the area code analysis may be germane in instances where the defendant admittedly called the plaintiff, *see Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127, 2018 WL 325112, at *4 (S.D. Cal. Jan. 5, 2018), it has little bearing here where Plaintiff has failed to allege or provide evidence to support that AHLIC had any involvement whatsoever in the outreach at issue. *See, e.g.*, *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, at *9 (N.D. Cal. Dec. 4, 2017) (noting, with respect to the area code issue, "[h]ere, however, plaintiff does not allege that TranzVia made the two calls at issue."); *Ewing v. US Healthcare Supply, LLC*, No. 19CV2292-LAB (DEB), 2021 WL 4358508, at *2 (S.D. Cal. Sept. 24, 2021) ("At best, he offers conclusory assertions that Defendants were responsible for the call, but his scant narrative of facts doesn't plausibly support his claim" and failing to rebut the defendant's evidence).[3]

Plaintiff next claims that he notified AHLIC (via pro se TCPA litigant / employee of Plaintiff's counsel, Nathen Barton) that he did not want calls, which letters identified his Washington area code phone number. (Dkt. 28 at 9.) Plaintiff cannot, however, create personal jurisdiction where it does not otherwise exist simply by choosing to have letters mailed containing his contact information. As the Supreme Court makes clear, "it is likewise insufficient to rely . . . on the unilateral activity of a plaintiff" to establish personal jurisdiction *Walden*, 571 U.S. at 286 (internal quotations and citation omitted); *see also James Avery Craftsman, Inc. v. Lugosch*, 486 F. Supp. 2d 595, 599 (W.D. Tex. 2007) (rejecting an attempt by the attorney's paralegal to try to make a purchase to establish jurisdiction). Were it otherwise, personal jurisdiction over any defendant could be established simply by mailing it a

[3] Of course, a Washington area code would not itself suffice even if AHLIC were involved. *See Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum.").



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

letter containing contact information.

Finally, Plaintiff contends AHLIC (i) directed its agents to telemarket to Washington residents, (ii) consummated four transactions with Plaintiff (selling two policies and engaging in two withdrawals from his account) and (iii) issued and mailed two policies to a Washington address (namely, and without explanation, Mr. Barton's home address). (Dkt. 28 at 9.) Again, each of these contentions is entirely without support, and is directly contradicted by the Rodman Declaration and Plaintiff's own evidence.

The Rodman Declaration establishes that AHLIC does not do business as the entities identified in Plaintiff's Complaint, has no record of the calls at issue, does not control the manner and means by which independent agents contact consumers and does not direct persons to make outbound calls. (Dkt. 24 ¶¶ 4-7.) Perhaps most critically, AHLIC does not even sell life insurance products. (*See id.* ¶ 6.) To that end, AHLIC does not issue policies that begin with #ACC, and thus did not issue Plaintiff's policies. (*See id.* ¶ 9.) Plaintiff evidence establishes much of the same. That is, AHLIC did not sell him the policies at issue, did not mail him the policies at issue and did not collect payment for the policies at issue. (*See* Dkt. 29 at ECF 5-10.)

Plaintiff cannot rest on *ipse dixit* contentions that he believes AHLIC to be responsible in the face of (i) the Rodman Declaration establishing the contrary and (ii) Plaintiff's evidence omitting any reference at all to AHLIC. *See Weakley*, 2020 WL 2307494, at *2. Plaintiff cannot simply deem the callers at issue to be AHLIC's agents and thereby make it so. He neither alleges facts to buttress that contention, nor provides evidence through his opposition brief to bolster his conclusion. Indeed, he refers to "AHLIC's contacts with Washington" without pointing to a single such contact of any kind, much less as it pertains to the calls or policies at issue. (Dkt. 28 at 9.) Plaintiff fails to establish a *prima facie* showing of specific jurisdiction.

***iii. Plaintiff's vicarious liability theory is clearly deficient.***

Plaintiff spends the remainder of his opposition evaluating his vicarious liability theory



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

under the Rule 12(b)(6) analysis. To be clear, AHLIC *did not* bring a motion to dismiss under Rule 12(b)(6). The substance of the Motion to Dismiss makes clear that AHLIC brought only a Rule 12(b)(2) challenge. AHLIC, however, will address Plaintiff's vicarious liability arguments as they bear on the Rule 12(b)(2) analysis.

By focusing on the 12(b)(6) analysis, Plaintiff misses the mark. The inquiry here, as detailed in the Motion to Dismiss, is fundamentally different:

> In order to demonstrate that the court has personal jurisdiction over [the principal] based on [the agent's] conduct, plaintiff must put forth evidence showing that [the agent] is subject to this court's jurisdiction, and that [the agent's] actions are attributable to [the principal] because [the agent] was [the principal's] agent with respect to the calls that [the agent] allegedly made to plaintiff. It is only when the acts of an agent can be imputed to the principal that the court can exercise personal jurisdiction over the principal for those acts.

*Naiman*, 2017 WL 5992123, at *10.[4] Plaintiff ignores this issue entirely. Plaintiff has neither established (i) the purported unnamed agent is subject to this Court's jurisdiction, nor (ii) that the unnamed agent was AHLIC's agent with respect to the calls at issue. (*See* Dkt. 23 at 11-12.) What is more, Plaintiff has failed to allege any facts to support either issue, in the face of evidence directly to the contrary.

Plaintiff has failed to engage in any analysis of the purported agent, and fails to allege any facts to support—or add any evidence to support—any relationship between AHLIC and the unnamed agent at hand. Undaunted, Plaintiff turns to analyze theories of ratification and apparent authority. Neither theory supports specific jurisdiction here.

**<u>Ratification:</u>**

Plaintiff's ratification theory is built upon a fundamentally mistaken premise. From the outset, Plaintiff contends that only "an authorized AHLIC agent" could have quoted and sold AHLIC policies. (Dkt. 28 at 12.) The problem, however, is that the policies issued—each

[4] This is, of course, assuming vicarious liability is pertinent to the jurisdictional analysis. (*See* Dkt. 23 at 11 n.1.)



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

beginning with #ACC—*were not* AHLIC policies. (Dkt. 24 ¶ 9.) To reiterate, Plaintiff cannot merely assume facts into evidence. The Rodman Declaration and Plaintiff's own evidence establish that AHLIC did not issue the policies at issue and did not obtain any funds from Plaintiff. (*See* Dkt. 24, Dkt. 29 at 5-10); *see, e.g., Brown v. Liberty Cnty. Mut. Life Ins. Co.*, No. 220CV00163GMNEJY, 2021 WL 2955899, at *2 (D. Nev. July 13, 2021) ("Plaintiff bears the burden to furnish evidence indicating that the Court may properly exercise jurisdiction over Defendant, and his failure to do so is fatal to his ability to maintain his action in this Court."); *Abitbol v. Homelink, LLC*, No. 2:20-CV-03654-RGK-PJW, 2020 WL 5102149, at *3 (C.D. Cal. July 28, 2020) (dismissing defendant for lack of personal jurisdiction where plaintiff "fails to provide any declarations or evidence that rebut Sunnova's declaration" and thus finding the plaintiff failed to establish an agency relationship).

Plaintiff's reliance on generic vicarious liability authority gets him no closer. (*See* Dkt. 28 at 12 [discussing *Henderson v. United Student Aid Funds*, 918 F.3d 1068 (9th Cir. 2019)].) Plaintiff contends that, under *Henderson*, "ratification may create an agency relationship when none existed before if the acts are done by an actor . . . who is not an agent but pretends to be." *Henderson*, 918 F.3d at 1074 (9th Cir. 2019) (internal quotations and citation omitted). At the outset, Plaintiff argues that AHLIC took a position to the contrary in its Motion. It did not. (Dkt. 23 at 14-16.) As a more substantive matter, Plaintiff nowhere alleges, and provides no evidence to support, that the unnamed third party agent ever acted *or purported to act* as AHLIC's agent. *Canary v. Youngevity Int'l, Inc.*, No. 5:18-CV-03261-EJD, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019) ("Canary's Complaint lacks sufficient facts to plausibly allege that Cordell or DAC acted or purported to act as an agent of Youngevity . . . ."). Plaintiff's premise that the unnamed agent was selling AHLIC policies is flatly wrong. Plaintiff fails to challenge the Rodman Declaration, and thus provides nothing to support his premise.

Plaintiff spends line after line in his brief *assuming* that the AHLIC issued the policies



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

and collected his payments, as his sole predicate to claiming ratification. (*See, e.g.*, Dkt. 28 at 14, 15.) Unsurprisingly, Plaintiff provides not a single citation in support. The reason is simple. He had no basis to name AHLIC and cannot proffer a single document naming AHLIC. Each document he provides and relies on pertains to *another company*. (Dkt. 29 at 5-10.)

As a final matter, it is further unsurprising that Plaintiff, who apparently uses Nathen Barton's home address, relies heavily on the decision in *Barton v. Am. Fam. Life Assurance Co. of Columbus*, No. 3:25-CV-05671-TMC, 2026 WL 177598, at *4 (W.D. Wash. Jan. 22, 2026). (*See* Dkt. 28 at 15.)[5] The difference, however, is the nature of the motion. AHLIC has challenged personal jurisdiction, and provided the Rodman Declaration attesting to, *inter alia*, (i) AHLIC does not sell life insurance products and (ii) AHLIC did not sell the policies at issue. (Dkt. 24 ¶¶ 6, 9.) Putting aside the deficiencies in Plaintiff's pleadings, he provides no evidence of any kind to dispute the Rodman Declaration. Rather, his evidence *proves* that no entity named "Aetna Health and Life Insurance Company" had anything to do with the policies at issue—not issuing the policies, not collecting payment. (Dkt. 29 at ECF 5-10.) Plaintiff's analogy to the *Barton* action is thus misplaced and inapplicable.

**<u>Apparent Authority</u>**

Plaintiff's apparent authority theory is similarly deficient. Putting aside issues of pleading, Plaintiff again rests his argument on facts that are simply false. Plaintiff argues that the unnamed agent (i) named AHLIC, (ii) quoted AHLIC products and (iii) sold AHLIC policies. (Dkt. 28 at 17.) Plaintiff further asserts that the policies he received had "Aetna's name printed all over it . . . ." (*Id.*)

---

[5] AHLIC detailed above some of the parallels between this case and Barton's case. This Court's Order in that case speaks to many other bizarre similarities, including using some of the same phrasing. *Compare Barton*, 2026 WL 177598, at *4 ("[W]ho but an Aflac agent can sell an Aflac final expense insurance policy.") (cleaned up) *with* Dkt. 28 at 12 ("Who else but an authorized AHLIC agent can quote AHLIC insurance policy terms . . . ."). It is troubling to see Plaintiff engaging in nearly the same interactions with purported callers as Mr. Barton alleges in his complaint, proceeding *pro se*, down to the purchasing of policies (as Mr. Barton alleged as well) and then having those policies mailed directly to Mr. Barton's residence.



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

As an initial matter—and even assuming Plaintiff attempted to allege a theory of apparent authority—Plaintiff cannot use the statements and actions of a third party as the basis for apparent authority. Apparent authority turns on manifestations *of the principal*. *Usanovic v. Americana, L.L.C.*, 775 F. Supp. 3d 1133, 1141 (D. Nev. 2025); *see also Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020).[6] In any event, the Rodman Declaration and Plaintiff's own evidence establish that none of Plaintiff's *ipse dixit* statements are correct. The policies at issue are not AHLIC policies and AHLIC's name appears nowhere—much less "all over"—on the documentation Plaintiff submitted. (Dkt. 24 ¶¶ 6, 9); (Dkt. 29 at ECF 5-10.) Further, Plaintiff fails entirely to even assert in his declaration that the name AHLIC was ever identified on a single call, let alone providing evidence to contravene the Rodman Declaration. (*See* Dkt. 29.)

* * *

Plaintiff's theory seems to be that he is entitled to bring into this suit any entity with "Aetna" in its name. He cannot. AHLIC submitted evidence that it had nothing to do with the outreach at issue and did not issue the policies Plaintiff acquired. In response, Plaintiff doubles down—without any evidentiary support—and insists that he was sold AHLIC policies. There is no conflict of evidence or factual dispute. Plaintiff has submitted no contrary evidence; Plaintiff submits only evidence identifying *other* entities. Plaintiff has thus failed to make a *prima facie* showing of personal jurisdiction over AHLIC.

**C. No Jurisdictional Discovery Should be Permitted Here.**

Plaintiff makes a throwaway request for jurisdictional discovery in the conclusion of his brief. Plaintiff has made no showing that jurisdictional discovery should be permitted here.

---

[6] Although the FCC has indicated that there are other grounds for apparent authority, like access to information, the FCC's views in that respect are not binding (or persuasive). *See, e.g.*, *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 745 (N.D. Ill. 2014). While not inevitably important here, AHLIC does note it disputes Plaintiff's attempt to rely on actions of third parties to establish apparent authority.



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

District courts have broad discretion as it relates to jurisdictional discovery. *See, e.g.*, *Dignity Health v. Blue Cross Blue Shield of Georgia, Inc.*, No. 25-cv-07336, 2026 WL 934194, at *5 (N.D. Cal. Apr. 7, 2026). In order to obtain jurisdictional discovery, Plaintiff must establish "a colorable basis for jurisdiction, or some evidence constituting a lesser showing than a prima facie case." *Id.* (cleaned up). The Ninth Circuit instructs that "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery . . . ." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (cleaned up); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006).

Plaintiff must thus present a "colorable basis" for jurisdictional discovery. *See, e.g.*, *Solt v. CSA Am. Testing & Certification LLC*, No. C24-112-RSM, 2024 WL 4266680, at *3 (W.D. Wash. Sept. 23, 2024). Here, Plaintiff offers *no* basis whatsoever for personal jurisdiction over AHLIC. Plaintiff provides no documentation that so much as mentions AHLIC's name, much less connects AHLIC to the calls at issue. Plaintiff's basis for personal jurisdiction is not even speculative, it is non-existent. Jurisdictional discovery should thus be denied. *See, e.g.*, *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) ("Here, Plaintiffs fail to identify any specific facts, transactions, or conduct that would give rise to personal jurisdiction over ATEC in California."); *Spy Optic, Inc. v. AreaTrend LLC*, 843 F. App'x 66, 69 (9th Cir. 2021) ("Because Spy Optic's request is not based on more than a hunch that it might yield jurisdictionally relevant facts, discovery isn't required.") (internal quotations and citation omitted).

## CONCLUSION

For the reasons stated above, AHLIC respectfully requests that the Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, without jurisdictional discovery.



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

DATED this 29th day of June 2026.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: */s/ Max Wesemann*

Max Wesemann, WSBA No. 59080
John C. Versnel, III, WSBA No. 17755
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)
john.versnel@wilsonelser.com
maxwell.wesemann@wilsonelser.com

*Counsel for Defendant Aetna Health and Life Insurance*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 29, 2026, a true and correct copy of the foregoing was served on the attorneys of record listed below, via E-mail and E-Service via Court Application the method indicated:

| | |
|---|---|
| ***Counsel for Plaintiffs***<br>Peter Schneider<br>NORTHWEST DEBT RESOLUTION LLC<br>10900 NE 4th Street, Ste. 2300<br>Bellevue, WA 98004<br>T: 206-800-6000<br>F: 206-800-601<br>Peter@nwdebtresolution.com<br>nathen@nwdebtresolution.com | ***Counsel for Defendant Mutual of Omaha Insurance Company***<br>Patrick J. Fitzgerald<br>Jenna S. Schneider (PHV Application forthcoming)<br>WATSTEIN TEREPKA LLP<br>75 14th Street NE, Ste. 2600<br>Atlanta, Georgia 30309<br>T: 607-372-5354<br>pfitzgerald@wtlaw.com<br>cwhite@wtlaw.com<br>jborey@wtlaw.com<br>jschneider@wtlaw.com |
| ***Co-Counsel for Defendant Aetna Health and Life Insurance***<br>Mark S. Eisen<br>BENESCH FRIEDLANDER COPLAN & ARONOFF<br>71 South Wacker Drive, Suite 1600<br>Chicago, IL 60606<br>T; 312-212-4949<br>F: 312-767-9192<br>Email: meisen@beneschlaw.com;<br>docket2@beneschlaw.com;<br>jmaldonado@beneschlaw.com | |

DATED this 29th day of July, 2026, at Seattle, Washington.

*/s/Yhon Frakes*
Yhon Frakes, Legal Assistant
Yhon.frakes@wilsonelser.com



**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)